# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CALHOUN, | 1:12cv02007 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS |
| vs. | |
| J. HARTLEY, | (Document 14) |
| Defendant. | |

Plaintiff Stanley Calhoun ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on December 10, 2012. He filed a First Amended Complaint on March 4, 2013.

On May 6, 2013, the Court issued a screening order finding a cognizable Eighth Amendment claim against Defendant James Hartley.

On August 8, 2013, Defendant filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion on September 9, 2013,[1] and Defendant filed his reply on September 16, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

---

[1] In a footnote in his reply, Defendant moves to strike Plaintiff's opposition because it was late. The Court denies the request, but also notes that the arguments in the opposition did not have merit.

1

## I. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## II. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at the California Institution for Men. The events occurred while Plaintiff was incarcerated at California State Prison, Avenal ("ASP").

Plaintiff alleges that he was transferred to ASP in 2006. Upon his initial arrival, he was not informed that ASP is within the high risk area for Valley Fever.

In 2007, a CDCR memorandum was issued to provide direction in the transfer process of inmates at high risk for Valley Fever infection. The memorandum also directed institutions within the area to implement environmental controls, including to "consider planting ground cover or grass on open dirt areas within the prison grounds." Ex. C.

Plaintiff alleges that Defendant knowingly and intentionally misinterpreted and misapplied Governor's Executive Order S-06-08 and ceased all watering and required maintenance of the ground cover and grass areas.[2]  Ex. D.  Plaintiff alleges that Defendant knew that ground cover was a critical aspect of fighting Valley Fever infections, and should have known that ceasing to water the ground cover would increase the spread of Valley Fever. Plaintiff contends that the Executive Order did not remove Defendant's obligation to sensibly manage the Valley Fever epidemic within ASP.

Plaintiff contends that the Executive Order was rescinded on March 30, 2011.  However, Defendant did not reactive institutional ground watering for fifteen months.

Plaintiff was seen by the medical department on or about June 30, 2011, for lung congestion, night sweats, fever, fatigue and headaches.  Plaintiff was diagnosed with Valley Fever on August 24, 2011, and was notified of the diagnosis on September 9, 2011.

Plaintiff alleges that, from 2011 through the present, he has become ill and debilitated from Valley Fever.  He alleges that Defendant was deliberately indifferent to a serious medical need when he stopped watering the ground cover, which contributed to Plaintiff contracting Valley Fever.

Plaintiff requests declaratory relief, injunctive relief and monetary damages.

## III.  DISCUSSION

### A.  Prior Screening Order

On May 6, 2013, this Court issued an order indicating that it had screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated an Eighth Amendment claim against Defendant Hartley.  While the order finding a cognizable claim did not include a full analysis,[3] the Court conducted the same examination as it does in all screening orders.  In other

---

[2] Executive Order S-06-08 declared a statewide drought in 2008 and "strongly encouraged" local water agencies and districts to take aggressive, immediate action to reduce water consumption.

[3] Generally, the Court provides a fully reasoned analysis only where it must explain why the complaint *does not* state at least one claim.  In cases where the complaint states only cognizable claims against all named defendants,

words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion. Insofar as Defendant argues that Plaintiff's claim should be dismissed for failure to state a claim, he wholly fails to acknowledge the Court's prior finding.  28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A screening order may not ignored or disregarded.  Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005).  To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine.  As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim.  Ingle, 408 F.3d at 594; Thomas v. Hickman, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. Ingle, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions.  Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000).  Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders.  Ingle, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); Thomas, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

Chavez v. Yates, No. 1:09-cv-01080-AWI-SKO (PC) (E.D.Cal. Oct. 3, 2013) (ECF No. 41).

---

the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

B.     Analysis

    1.     *Eighth Amendment Claim*

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendant now moves to dismiss the claim based on his argument that Plaintiff's complaint does not demonstrate the required subjective element of a deliberate indifference claim.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Defendant argues that the allegations do not show that Defendant was subjectively aware of an excessive risk to ASP inmate health that would require rejection of an Executive Order. Defendant argues that in light of the dual demands of the Executive Order and the CDCR directive, which only required that institutions consider planting ground cover, his decision to reduce irrigation to ASP lawns was not deliberately indifferent.

Defendant's argument takes the analysis beyond that applicable to the pleading stage. Whether Defendant's actions were deliberately indifferent, in light of the opposing directives, is a factual issue beyond the scope of a 12(b)(6) motion.

Plaintiff alleges that Defendant was aware of the Valley Fever risk at ASP. He also alleges that Defendant knew that ground cover decreased the spread of Valley Fever.[4] Despite

---

[4] That the CDCR memorandum said that institutions should "consider" planting ground cover is of no consequence. Plaintiff has alleged that Defendant knew that ground cover would decrease the risk of Valley Fever, regardless of whether planting groundcover was a suggestion or requirement.

5

this knowledge, Plaintiff alleges that Defendant chose to cease watering at ASP, and did not begin watering again until fifteen months after the Executive Order was lifted.  Plaintiff alleges that this contributed to his Valley Fever infection.

Defendant also points to Plaintiff's statement that Defendant "should have known" that ceasing watering the grounds would significantly increase the risk of Valley Fever infection. Defendant is correct that Plaintiff alleges that he "should have known" the risk, and if he only alleged that Defendant *should have known¸* this argument would be more persuasive.  Instead, however, Plaintiff also alleges that Defendant (1) knowingly and intentionally misapplied the Executive Order; (2) knew that the ground cover was a critical aspect of fighting the spread of Valley Fever; (3) "knowingly and intentionally" chose to disregard a substantial risk to Plaintiff's health; and (4) knowingly and intentionally let the ground cover die.  The Court cannot conclude that Defendant should have known, but did not, in light of Plaintiff's allegations.

At this stage, Defendant has not shown that the screening order was clearly erroneous so as to avoid application of the law of the case doctrine.  Based on the allegations above, Plaintiff has set forth a plausible claim for relief under the applicable screening standards.  Ashcroft v. Iqbal, 556 U.S. 662 (2009); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor).

    2. *Qualified Immunity*

Defendant next argues that he is entitled to qualified immunity because Plaintiff's complaint does not demonstrate that he was deliberately indifferent.  Based on the discussion above, Defendant's argument is without merit.

3.  *Injunctive Relief*

Finally, Defendant argues that Plaintiff's claim for injunctive relief is now moot because (1) Defendant is no longer the warden at ASP; and (2) Plaintiff is no longer incarcerated at ASP.

Under Article III of the Constitution, the jurisdiction of federal courts is limited to justiciable cases or controversies, and for a plaintiff's claim to be justiciable, the plaintiff must have standing and the claim must not be moot. Jacobs v. Clark County School District, 526 F.3d 419, 425 (9th 2008) (quotation marks and citations omitted); see also Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Davis v. Fed. Election Com'n, 554 U.S. 724, 733-34, 128 S.Ct. 2759, 2768-69 (2008); Oregon Advocacy Ctr., 322 F.3d 1101, 1108 (9th Cir. 2003); Bernhardt v. County of Los Angeles, 279 F.3d 862, 868-69 (9th Cir. 2002).

Constitutional standing requires, as an irreducible minimum, that there be (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. Oregon Advocacy Ctr., 322 F.3d at 1108 (quotation marks and citations omitted); see also Summers, 555 U.S. at 493; Davis, 554 U.S. at 733; Jacobs, 526 F.3d at 425; Bernhardt, 279 F.3d at 868-69. While standing is determined based on the facts as they existed at the time the complaint was filed, an actual controversy must exist at all stages of review, and a claim becomes moot and non-justiciable if the requisite personal interest captured by the standing doctrine ceases to exist at any point during the litigation. Jacobs, 526 F.3d at 425 (quotation marks and citations omitted); Oregon Advocacy Ctr., 322 F.3d at 1116 (quotation marks and citations omitted).

At the time Plaintiff filed his complaint, he was incarcerated at ASP. However, during the pendency of the action, Plaintiff was transferred to a different institution. This moots his claim for injunctive relief. In his opposition, Plaintiff argues that he continues to be at risk at the California Institution for Men. Plaintiff's argument is without merit, however, as the injunctive

relief was directed at ASP and Plaintiff cannot now change the allegations and/or requests for relief in his complaint.

## IV. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss, filed on August 8, 2013, be GRANTED IN PART as to Plaintiff's claim for injunctive relief. It is DENIED on all other grounds.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may file a reply to the objections within fourteen (14) days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 21, 2013**              /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE