# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CALHOUN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JAMES HARTLEY,<br><br>　　　　Defendant. | 1:12cv02007 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THIRD PARTY DISCOVERY<br><br>(Document 30) |

　　Plaintiff Stanley Calhoun ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on December 10, 2012.  The action is proceeding on Plaintiff's First Amended Complaint for violation of the Eighth Amendment against Defendant Hartley.

　　On April 10, 2014, Plaintiff filed a motion entitled, "Motion to Request Permission for Third Party Discovery."  Defendant opposed the motion on April 22, 2014.  Plaintiff did not file a reply and the motion is deemed submitted pursuant to Local Rule 230(l).

1

## **DISCUSSION**

In his motion, Plaintiff explains that Defendant identified two non-party individuals who have information regarding irrigation and water conservation practices at Avenal State Prison. Specifically, he states that (1) P. Myers, Correctional Plant Manager at California Men's Colony, has information relating to his position at Avenal State Prison from January 2000 to March 2012; and (2) S. Steadman, Correctional Plant Supervisor at Richard J. Donovan Correctional Facility, has information relating to his position at Avenal State Prison from 2007 through May 2010.

Plaintiff contends that this information is relevant to demonstrating that Defendant deliberately failed to act to abort the progression of Valley Fever at Avenal State Prison.

As an initial matter, it is unclear what type of discovery Plaintiff seeks. Plaintiff simply states that these individuals have "information," but he does not specifically state that he seeks documentary evidence.

<u>Rule 45</u>

To the extent Plaintiff seeks documents, he is entitled to seek documents or tangible things from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the United States Marshal given that Plaintiff is proceeding in forma pauperis. Plaintiff must describe the documents he is seeking and specify from whom he is seeking the documents.

Here, the two individuals identified no longer work at Avenal State Prison. While the Court agrees that the information sought may be relevant to Plaintiff's claims, there is no reason to believe that these two individuals have documents related to Avenal State Prison in their possession, custody or control. Rather, it is more likely that either Avenal State Prison or CDCR

has the documents at issue, and Plaintiff may request the issuance of a subpoena accordingly. Plaintiff may also seek to obtain the documents from Defendant, if he has not already done so.[1]

Rule 31

To the extent that Plaintiff seeks to explore the individuals' knowledge, Rule 31 permits depositions by written questions. However, depositions by written questions entail more than simply mailing questions to the deponents and awaiting their written responses. The Court will direct the Clerk's Office to send Plaintiff a copy of Rule 31. If, after reviewing the rule, Plaintiff believes he is able to depose the individuals in compliance with the rule, Plaintiff shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record. Fed. R. Civ. P. 31(b).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for third party discovery is DENIED; and
2. The Clerk's Office shall send Plaintiff a copy of Rule 31.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                        /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Generally, a Court will not issue a subpoena duces tecum to a non-party unless Plaintiff can show that he cannot obtain the documents from Defendant.