1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   STANLEY CALHOUN,                    1:12cv02007 AWI DLB PC

12                  Plaintiff,           ORDER SETTING SETTLEMENT
                                         CONFERENCE
13        vs.

14   JAMES HARTLEY,

15                  Defendant.

16

17          Plaintiff Stanley Calhoun ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This case has been referred to

19   Magistrate Judge Victor E. Bianchini to conduct a settlement conference pursuant to the Prisoner

20   Settlement Program.  The settlement conference will be set to occur at the U. S. District Court,

21   312 North Spring Street, Los Angeles, California 90012 in Courtroom #24 on October 28, 2014 at

22   8:45 a.m.

23          A separate order and writ of habeas corpus ad testificandum will issue concurrently with

24   this order.

25

26

27

28                                              1

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Victor E. Bianchini on October 28, 2014 at 8:45 a.m. at the U. S. District Court, 312 North Spring Street, Los Angeles, California 90012 in Courtroom #24.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4. Each party to this action shall, no later than October 21, 2014, complete and submit the attached Pre-Settlement Conference Questionnaire to Sujean Park, ADR Division, 501 I Street, Suite 4-200, Sacramento, California 95814, or by email to spark@caed.uscourts.gov.

The Pre-Settlement Conference Questionnaire **should not be filed** with the Clerk of the court **nor served on any other party**.  Responses to the questionnaire shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

Responses, and attachments, to the confidential Pre-Settlement Conference Questionnaire shall total **no more than seven pages** in length, typed or neatly printed.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1    IT IS SO ORDERED.

2       Dated:   **September 29, 2014**                    /s/ *Dennis L. Beck*

3                                                  UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# CONFIDENTIAL
## PRISONER SETTLEMENT PROGRAM
## PRE-SETTLEMENT CONFERENCE QUESTIONNAIRE

SUBMITTED BY: _____

Counsel for (if applicable) _____

CASE NAME AND NO. STANLEY CALHOUN V. JAMES HARTLEY - CV12-2007

Please attach your response to this cover page.  Your complete response, including attachments, should not exceed seven (7) pages.

**PLEASE TYPE OR PRINT CLEARLY.**

1.      ALL PARTIES AND COUNSEL (To be answered by Plaintiff & Defendant):

      a.      Provide a short statement of the facts of this case.
      b.      Identify the major disputed legal issues.
      c.      Identify the major disputed factual issues.
      d.      State what efforts have been made to settle this matter prior to this conference.
      e.      Specify any and all previous offers made to settle this matter and provide the last best offer to settle made by each party.
      f.      Provide additional information, if any, which will aid the settlement judge (e.g., photographs, medical reports, investigative reports, disciplinary reports, compilation of damages, etc.)

2.      PLAINTIFF (To be answered by Plaintiff only):

      a.      State your evaluation of a fair settlement in this case (What relief are you seeking, including any non-monetary remedy you seek in settlement of your case?). What is a fair settlement in this case?
      b.      List all economic damages claimed in this case. (Economic damages are tangible losses, i.e., past and future medical expenses, loss of past and future earnings, loss of use of property, cost of repair or replacement, etc.)
      c.      List all non-economic damages claimed in this case. (Non-economic damages are intangible losses such as pain and suffering, emotional distress, etc.)
      d.      Specify reimbursement of costs, if any, claimed in your case.

3.      DEFENDANT(s) (To be answered by Defendant only):

      a.      Identify separately each party and the respective attorney of record.
      b.      Identify the Deputy Attorney General and California Department of Corrections and Rehabilitation representative who will appear at the settlement conference.
      c.      State your evaluation of a fair settlement in this case.
      d.      Describe any client problems affecting these negotiations and whether client and attorney agree on the settlement value.

**Responses to the Pre-Settlement Conference Questionnaire are vital to a productive settlement conference.  The parties are instructed to treat these responses with as much importance as they would trial preparation materials.**

4